**KOLLER LAW LLC**
David M. Koller, Esq. (90119)
Jordan D. Santo, Esq. (320573)                                           *Counsel for Plaintiff*
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DE'MARCO TAYLOR, | : | Civil Action No. |
| 1220 North Broad Street | : | |
| Apartment 1212 | : | |
| Philadelphia, PA 19121 | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | **Complaint and Jury Demand** |
| | : | |
| GREATER PHILADELPHIA YMCA, | : | |
| 400 Fayette Street | : | |
| Conshohocken, PA 19428 | : | |
|     Defendant. | : | |

**CIVIL ACTION**

Plaintiff, De'Marco Taylor (hereinafter "Plaintiff"), by and through his attorney, Koller Law, LLC, bring this civil matter against Greater Philadelphia YMCA (hereinafter "Defendant"), for violations of Title VII of the Civil Rights Act ("Title VII"), as amended, and the Pennsylvania Human Relations Act ("PHRA"). In support thereof, Plaintiff avers as follows:

**THE PARTIES**

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

2. Plaintiff is an adult individual residing at the above captioned address.

3. Upon information and belief, Greater Philadelphia YMCA is a community service organization with a location and corporate headquarters at 400 Fayette Street,

Conshohocken, PA 19428.

4. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment. In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

5. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer. In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

6. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

7. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in <u>International Shoe Co. v. Washington</u>, 326 U.S. 310 (1945) and its progeny.

8. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

9. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original

jurisdiction that they form part of the same case or controversy.

10. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because Plaintiff is domiciled in this judicial district, the Defendants is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

12. Plaintiff exhausted his administrative remedies under Title VII and PHRA.

13. Plaintiff timely filed a Charge of Discrimination ("Charge") with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging race discrimination and retaliation against Defendant.

14. The Charge was assigned a Charge Number 530-2022-06559 and was dual filed with the Pennsylvania Human Relations Commission ("PHRC").

15. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") relative to the Charge and that Notice is dated August 8, 2023. Plaintiff received the notice by electronic mail.

16. Prior to the filing of this action, Plaintiff notified the EEOC of his intent to proceed with a lawsuit in federal court.

17. Plaintiff files the instant Complaint within ninety (90) days of his receipt of his Right to Sue in this matter.

18. Plaintiff has exhausted his administrative remedies as to the allegations of this Complaint.

## MATERIAL FACTS

19. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

20. Plaintiff is an African American male.

21. On February 14, 2022, Defendant hired Plaintiff in the position of Head Lifeguard.

22. Plaintiff was well qualified for his position and performed well.

23. By way of background, the majority of Defendant's Aquatics team were Caucasian.

24. Despite Plaintiff's superb work performance and disciplinary record, on or around June 30, 2022, Defendant abruptly terminated Plaintiff's employment.

25. In connection therewith, Defendant claimed that Plaintiff had a delayed response to an emergency situation in the pool the prior day.

26. However, Plaintiff was not on the lifeguard stand and accordingly was not expected to be the first to respond to an emergency, as per the Defendant's policy.

27. Importantly, once Plaintiff observed that the Lifeguard on the stand was not responding, he immediately began the rescue and performed CPR.

28. Notably, Defendant did not terminate the employment of the other on-duty Lifeguard who was likewise not on the stand, a Caucasian female, even though she failed to take any part in the rescue.

29. It is Plaintiff's position that Defendant subjected him to disparate treatment based on his race in violation of Title VII and the PHRA.

**COUNT I – RACE DISCRIMINATION**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED**

30. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

31. Plaintiff is a member of protected classes in that he is African American.

32. Plaintiff was qualified to perform the job for which he was hired.

33. Plaintiff suffered adverse job actions, including, but not limited to termination.

34. Similarly situated people outside of Plaintiff's protected class were treated more

favorably than Plaintiff.

35. Circumstances exist related to the above cited adverse employment actions that give rise to an inference of discrimination.

36. Defendants discriminated against Plaintiff on the basis of race.

37. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

38. The reasons cited by Defendants for the above cited adverse employment actions that Plaintiff suffered are pretext for discrimination.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

### COUNT II – RACE DISCRIMINATION
### PENNSYLVANIA HUMAN RELATIONS ACT

39. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

40. The foregoing conduct by Defendants constitutes unlawful discrimination against Plaintiff on the basis of his race (African American).

41. As a result of Defendants' unlawful race discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, De'Marco Taylor, requests that the Court grant him the following relief against Defendants:

(a)   Compensatory damages;

(b)   Punitive damages;

(c)  Liquidated damages;

(d)  Emotional pain and suffering;

(e)  Reasonable attorneys' fees;

(f)  Recoverable costs;

(g)  Pre and post judgment interest;

(h)  An allowance to compensate for negative tax consequences;

(i)  A permanent injunction enjoining Defendants, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with it, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of the Title VII and the PHRA.

(j)  Order Defendants to institute and implement, and for its employees, to attend and/or otherwise participate in, training programs, policies, practices and programs which provide equal employment opportunities;

(k)  Order Defendants to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(l)  Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

## CERTIFICATION

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

|  |  |
|---|---|
|  | **RESPECTFULLY SUBMITTED,** |
|  | **KOLLER LAW, LLC** |
| Date: November 6, 2023 | **By:**  */s/ David M. Koller*  <br>David M. Koller, Esquire <br>Jordan D. Santo, Esquire <br>2043 Locust Street, Suite 1B <br>Philadelphia, PA 19103 <br>215-545-8917 <br>davidk@kollerlawfirm.com <br>jordans@kollerlawfirm.com |
|  | *Counsel for Plaintiff* |